UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:15-cr-176-JDL |
| | ) | |
| JONATHAN DAY | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

The Government has moved to dismiss the indictment in this case because the single charge in the indictment—that Jonathan Day "knowingly and intentionally distributed a mixture or substance containing heroin"—has recently been incorporated in the superseding indictment in the case of *United States v. Stolkner, et al.*, Dkt. No. 15-cr-143-JDL, ECF No. 30 (hereinafter, "superseding indictment"). The superseding indictment also charges Day with engaging in a conspiracy with the other named defendants "to distribute and possess with intent to distribute controlled substances, namely, heroin, fentanyl, and alpha-pyrrolidinovalerophenone (a-PVP), and did aid and abet the same." Dkt. No. 15-cr-143-JDL, ECF No. 54, p. 1.

Day, who is in custody, opposes the motion to dismiss. He asserts that he is ready to stand trial in this case, which is on the Court's February trial list. However, if the indictment is dismissed then the trial on the superseding indictment in Dkt. No. 15-cr-143-JDL, is not scheduled until the April trial list. Day asserts that if the Court denies the motion in this case and also denies his motion for relief from prejudicial joinder and to sever counts one and eight from the superseding

1

indictment, filed January 28, 2016, *see* Dkt. No. 15-cr-176, ECF No. 31-1, then he "will stand trial on the very same charge he faces in this case," but not until April.

The premise of Day's objection—that he will stand trial in April on the very same charge he faces in this case which is ready for trial in February—is only partially accurate. As previously noted, the superseding indictment also charges Day with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1). Regardless of whether the Court ultimately grants or denies his motion for relief from joinder and to sever in that case (i.e. Dkt. No. 15-cr-176-JDL), the fact remains that the indictment in Dkt. No 15-cr-176-JDL, containing one count against Day, and the superseding indictment in Dkt. No. 15-cr-143-JDL, containing two counts against Day, are not the same. Day's argument that he "will be improperly prejudiced and forced to make choices he would not have to make if he were tried on this case alone" may be central to the question of whether he should be relieved from joinder and have his trial severed in Dkt. No. 15-cr-176-JDL, but does not justify denying the dismissal of the indictment in this case.

It is **ORDERED** that the Government's Motion for Leave to Dismiss Indictment is **GRANTED**.

**SO ORDERED.**

Dated this 29th day of January, 2016.

                                                   /s/ Jon D. Levy
                                            **U.S. DISTRICT JUDGE**